[Cite as *Garee v. Wolfe*, 2021-Ohio-444.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM K. GAREE | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
|      Plaintiff-Appellee | |
| -vs- | Case Nos. 2020 CA 00009 &<br>          2020 CA 00038 |
| THADDEUS J. WOLFE | |
|      Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Licking County Court of
Common Pleas, Case No. 2018 CV
000225

JUDGMENT:                   Reversed and Remanded

DATE OF JUDGMENT ENTRY:    February 16, 2021

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

PHILLIP DEMAREST             THADDEUS J. WOLFE
Morrow, Gordon, & Byrd, Ltd.       189 N. Westmoor Avenue
33 W. Main Street                Newark, Ohio  43055
P.O. Box 4190
Newark, Ohio  43058-4190

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Thaddeus J. Wolfe appeals the judgment entered by the Licking County Common Pleas Court in favor of Plaintiff-Appellee William Garee on a complaint for foreclosure on a land installment contract.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On February 2, 2011, the parties entered into a land installment contract for the sale of real estate in Newark, Ohio, for the price of $87,272.57.  The contract provided for Appellant to make a down payment of $4,000, with monthly payments of $768.48 due on the first day of the month.

**{¶3}** Appellant did not make the payment due on January 1, 2018.  Appellee sent Appellant an initiation of forfeiture letter on February 5, 2018, notifying Appellant his only method of curing the forfeiture was to pay the entire balance due under the land contract.  On February 1, 2018, Appellant made the payment which had been due on January 1, 2018, but did not satisfy the entire contract.

**{¶4}** Appellee filed the instant complaint in foreclosure on February 27, 2018.  The case proceeded to bench trial in the Licking County Common Pleas Court.  The trial court found the thirty-day grace period provided by the contract and R.C.  5313.05 expired on January 31, 2018, thus placing Appellant in default of the land contract and forfeiting his interest under the contract.  Appellant filed a notice of appeal from this judgment in case number 2020 CA 00009.

**{¶5}** Appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B) and a motion for new trial pursuant to Civ. R. 59.  These motions were overruled by the trial court.  Appellant filed a notice of appeal from this judgment in case number 2020 CA

00038.  The appeals were consolidated by this Court by judgment entered November 19, 2020.

**{¶6}** Appellant assigns the following errors to the judgment entered by the trial court on December 19, 2019, granting Appellee foreclosure on the land installment contract:

I. TRIAL COURT ABUSED ITS DISCRETION BY ISSUING A DECREE OF FORECLOSURE, BASED ON THE COURT'S INTERPRETATION OF ORC 5313.05 AND THE COURT'S INTERPRETATION OF THE LAND INSTALLMENT CONTRACT BETWEEN APPELLEE WILLIAM K. GAREE AND APPELLANT THADDEUS J. WOLFE.

II. TRIAL COURT ABUSED ITS DISCRETION BY CONCLUDING THE GRACE PERIOD FOR THE LAND INSTALLMENT CONTRACT, EXPIRED ON JANUARY 31, 2018 AND THAT ENTIRE BALANCE WAS DUE.

III. TRIAL COURT ABUSED ITS DISCRETION BY FINDING THE LAND INSTALLMENT CONTRACT TO BE FORFEITED.

IV. TRIAL COURT ABUSED ITS DISCRETION BY IGNORING ANY LAWS OF EQUITY AND ANY EQUITABLE REMEDY FOR APPELLANT IN REGARDS TO A LATE PAYMENT NOT BEING MATERIAL OR SUBSTANTIAL TO WARRANT A FORECLOSURE OR FORFEITURE OF APPELLANT'S INTEREST.

V. "UNCLEAN HANDS DOCTRINE" – APPELLEE WILLIAM K. GAREE BY AND THROUGH HIS ATTORNEY PHILLIP DEMAREST, ESQ., SUBMITTED INTO EVIDENCE, AT TRIAL, SEPTEMBER 16, 2019, IN THE COURT OF COMMON PLEAS, LICKING COUNTY, OHIO, AN EXHIBIT CONSISTING OF THREE (3) PAGES THAT APPELLANT KNOWS AND CAN TESTIFY TO, AS TO BEING FORGED, ALTERED, AND COUNTERFEITED.

{¶7}    Appellant assigns the following errors to the judgment entered by the trial court on April 29, 2020, overruling his motions for new trial and for relief from judgment:

I. TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT, RELIEF FROM JUDGMENT AND NOT ORDERING A NEW TRIAL.

II. TRIAL COURT ABUSED ITS DISCRETION BY REFUSING A HEARING ON APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT AND FOR NEW TRIAL SO AS TO ALLOW APPELLANT AN OPPORTUNITY TO PRESENT COURT WITH EVIDENCE OF WRONG DOING BY PREVAILING PARTY DURING THE COURSE OF THE TRIAL PURSUANT TO CIV. R. 59(A)(2).

III. TRIAL COURT, SPECIFICALLY, THE COURT RECORDER FOR TRIAL FAILED TO TRANSFER RECORDS SPECIFICALLY REQUESTED BY APPELLANT TO BE SENT TO APPELLATE COURT.

IV. NONFEASANCE OF APPELLEE AND APPELLEE'S ATTORNEY, PHILLIP DEMAREST, ESQ., IN REGARDS TO REQUESTED DOCUMENTS BY APPELLANT AND APPELLEE'S SUBMISSION OF ERRONEOUS AND FRAUDULENT EXHIBITS.

**{¶8}** We first address Appellant's assignments of error on appeal from the judgment of the trial court in favor of Appellee on the complaint for foreclosure.

I., II., III.

**{¶9}** Appellant's first three assignments of error argue the trial court erred in its interpretation of the forfeiture provision of the land installment contract, read in conjunction with R.C. 5313.05. We address these assignments together.

**{¶10}** The default provision is found in paragraph 26 of the land installment contract between the parties, and provides:

> If any installment payment is not made when due, or within thirty (30) days thereafter, or if the Buyer fails to perform any of the covenants and agreements of this contract as stipulated, the unpaid balance shall become due at the option of the Seller, or the Seller may initiate forfeiture of the Buyer's interests and retain all installment payments as liquidated damages for the Buyer's nonperformance and may retake possession of the property, all as provided by law.

**{¶11}** R.C. 5313.05 provides:

When the vendee of a land installment contract defaults in payment, forfeiture of the interest of the vendee under the contract may be enforced only after the expiration of thirty days from the date of the default. A vendee in default may, prior to the expiration of the thirty-day period, avoid the forfeiture of his interest under the contract by making all payments currently due under the contract and by paying any fees or charges for which he is liable under the contract. If such payments are made within the thirty-day period, forfeiture of the interest of the vendee shall not be enforced.

**{¶12}** The trial court concluded the contract's grace period of thirty days ran simultaneously with the grace period found in R.C. 5313.05, thus finding the statutory grace period of thirty days expired on January 31, 2018, one day before Appellant made the payment which had previously been due January 1, 2018.  Appellant argues the date of default referred to in R.C. 5313.05 is not January 1, 2018, but under the terms of the contract is thirty days thereafter.  He argues the thirty day grace period set forth in R.C. 5313.05 did not begin to run under the contract until January 31, 2018, and therefore he avoided forfeiture under R.C. 5313.05 by making a payment on February 1, 2018.  We agree.

**{¶13}** It is well settled Ohio law that forfeitures are not favored both in law and in equity. *E.g., Dietrich v. Ezra Smith Co.*, 12 Ohio App. 243, 245 (8th Dist. Cuyahoga 1920). While the contract in the instant case could have referred to R.C. 5313.05 and clearly

stated the thirty day period within which payment must be made after the due date as set forth in the contract was the same time period as the thirty day period provided by statute, it did not do so.  Further, the contract did not declare the date of default as being the date on which the payment was initially due.  The statute specifically begins the clock on the thirty day grace period on the date of default, not the initial due date of the payment. While these two dates may be the same if specifically stated to be such in the contract, they are not necessarily the same date. We find in this contract, the terms create a date of default as thirty days after the date the payment was due,  in this case, January 31, 2018

**{¶14}**  The statute provides the seller may not initiate foreclosure proceedings until thirty days after the "date of default."  By the terms of the specific contract at issue in this case, the date of default became thirty days after the payment was due, or January 31, 2018.  The statute then gave Appellant an additional thirty days in which to render the payment due January 1, 2018, before Appellee could seek forfeiture of the contract. Because Appellant made the payment on February 1, 2018, the payment was made before Appellee could seek forfeiture pursuant to the terms of R.C. 5313.05.  We find the trial court erred as a matter of law in finding Appellant forfeited the contract for failing to make the January, 2018 payment by January 31, 2018.

**{¶15}**  Appellant's first, second, and third assignments of error are sustained.

{¶16} Appellant's remaining assignments of error are rendered moot by our decision on his first three assignments of error.  The judgment of the Licking County Common Pleas Court is reversed, and this case is remanded for further proceedings according to law, consistent with this opinion.


By: Hoffman, J.

Wise, John, J.  and

Delaney, J. concur